IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ALTURO PASCO,

                Plaintiff

    VS.

JAMES E. DONALD, *et al.*,

                Defendants

NO.  5: 06-CV-141 (DF)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

Before the court is the plaintiff's Motion for Preliminary Injunction (Tab #3).  The defendants have submitted a response to the plaintiff's motion (Tab #12), and the plaintiff has replied to the defendants' response (Tab #15).

A temporary restraining order (TRO) or preliminary injunction is a drastic remedy used primarily for maintaining the *status quo* of the parties.  **Cate v. Oldham**, 707 F.2d 1176, 1185 (11th Cir. 1983). A TRO or injunctive relief is only appropriate where the movant demonstrates that (1) there is a substantial likelihood of success on the merits; (2) the TRO or injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm that the TRO or injunction would cause to the non-movant; and (4) the TRO or injunction would not be adverse to the public interest.  **Parker v. State Board of Pardons and Paroles**, 275 F.2d 1032, 1035 (11th Cir. 2001). Furthermore, injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available. **Cunningham v. Adams**, 808 F.2d 815, 821 (11th Cir. 1987).

The plaintiff's complaint and Motion for Preliminary Injunction allege that his constitutional rights are being violated because he is being forced to pay a substantial fee in order to be afforded a diet that conforms to his religious beliefs  (which do not allow him to eat meat).  The defendants' response avers that the prison policy regarding religious diet has been modified since the plaintiff's motion was filed and that the plaintiff can now receive vegetarian or vegan meals at no extra cost.  The plaintiff's reply states that his religion mandates that he receive fish as a part of his diet.  The plaintiff's Complaint and Motion for Preliminary Injunction do not allege specifically why fish is an integral part of his religion, and his motion therefore has not met the first two prongs of the test set out in *Parker* for injunctive relief.

Accordingly, IT IS RECOMMENDED that the plaintiff's Motion for Preliminary Injunction be DENIED *without prejudice.* Plaintiff is free to refile his motion provided he specifies and elaborates on how his religion mandates that he eat fish when he is already being afforded a sufficiently nutritious meal free of meat.

SO RECOMMENDED, this 6th day of SEPTEMBER, 2006.



                                              CLAUDE W. HICKS, JR.
                                              UNITED STATES MAGISTRATE JUDGE