# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| ALTURO JUAN PASCO, | : | |
| | : | |
|        Plaintiff, | : | |
| | : | |
| vs. | : | 5:06-CV-141(CAR) |
| | : | |
| JAMES DONALD, DANNIE THOMPSON, | : | |
| TYDUS MEADOWS, and RHONDA GLENN, | : | |
| | : | |
|        Defendants. | : | |
| | : | |
| _____ | : | |

## *ORDER ON THE REPORT AND RECOMMENDATION*
## *OF THE UNITED STATES MAGISTRATE JUDGE*

Before the Court is the United States Magistrate Judge's Recommendation (doc. 16) to deny without prejudice Plaintiff's Motion for Injunctive Relief (doc. 3). Instead of filing an objection to the Magistrate Judge's Recommendation, Plaintiff filed a successive Motion for Injunctive Relief (doc. 23), which this Court construes as an objection.

The relevant facts of this case are set forth in the Magistrate Judge's Recommendation (doc. 16, at 1). Briefly, Plaintiff seeks a preliminary injunction requiring Defendants to include fish in his current prison diet, as the consumption of fish is an integral part of his religion, Islam. In his Recommendation, the Magistrate Judge concluded that, because Plaintiff's motion did not articulate "specifically why fish is an integral part of his religion," Plaintiff had not, at that time, met the legal requirements for injunctive relief. (Recomm. 1. (*citing Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1035 (11th Cir. 2001)). In response to the Recommendation, Plaintiff explains that eating fish is important to his practice of Islam because "fish is one of those foods identified by Messenger Muhammed as being 'good'" for him to eat. (Pl.'s Objec., doc. 23, at 2.)

Preliminary injunctive relief should only be granted when the movant demonstrates that:

(a) there is a substantial likelihood of success on the merits; (b) the TRO or preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and (d) the TRO or preliminary injunction would not be a[d]verse to the public interest.

*Parker*, 275 F.3d at 1035. "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir. 1983) (quoting *Canal Auth. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974)).[1]

The first issue for the Court's determination is whether there is a substantial likelihood that Plaintiff will succeed on the merits of his case. Plaintiff contends he will prevail on his First Amendment claim because, "by denying Plaintiff fish, Defendants are placing a substantial burden on Plaintiff's free exercise of religion." (Pl.'s Objec. 2.) The Court disagrees.

The First Amendment, made applicable to the states through the Fourteenth Amendment, provides in pertinent part that Congress shall make no law prohibiting the free exercise of religion. U.S. Const. amend. I. While the Free Exercise Clause of the First Amendment grants a prisoner "a limited right" to receive a diet consistent with his or her religious beliefs, *Harris v. Ostrout*, 65 F.3d 912, 918 n.5 (11th Cir. 1995),[2] this right is not absolute—particularly when a prisoner's request for a dietary accommodation is based on his personal preference, rather than a religious tenet. Here, because the inclusion of fish in Plaintiff's diet does not appear to be an absolute requirement of his religion, and it further appears that Plaintiff's religious and dietary needs are being met through the vegan diet currently being provided him, the Court suspects that Plaintiff's claim does not even implicate the Free Exercise Clause. Even if the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981.

[2] In *Harris*, the Eleventh Circuit expressed some doubt as to whether a prisoner's First Amendment right to receive a religious diet survived the Supreme Court's ruling in *Employment Div. v. Smith*, 494 U.S. 872 (1990). *Id.* at 918 n.5. For purposes of this Order, however, the Court assumes that prisoners still enjoy a limited right under the First Amendment to receive a religious diet consistent with their beliefs.

prison's dietary restrictions did implicate Plaintiff's First Amendment rights, however, a prison's legitimate interest in efficient meal preparation generally outweighs a prisoners' interest in a diet that suits his personal preferences. *O'Lone v. Est. of Shabazz*, 482 U.S. 342, 351-52 (1987) (prison regulation restricting a prisoner's exercise of religion is valid if it is reasonably related to a legitimate penalogical interest); s*ee also Salaam v. Correc. Corp. of Am.*, 21 Fed. Appx. 258, 260-61 (6th Cir. 2001). As it does not appear that Plaintiff will ultimately prevail on his First Amendment claim, injunctive relief is not warranted.

Having carefully considered the parties' briefs, the United States Magistrate Judge's Report and Recommendation, and Plaintiff's Objection thereto, the Court agrees with the Recommendation. Accordingly, the Recommendation that Plaintiff's Motion for Injunctive Relief (doc. 3) be **DENIED** is hereby **ADOPTED IN PART** and **MADE THE ORDER OF THE COURT**. The portion of the Magistrate Judge's Recommendation indicating that the denial of Plaintiff's motion for injunctive relief should be without prejudice is **REJECTED**. The Magistrate Judge based his "without prejudice" recommendation on Plaintiff's failure to articulate why fish is an integral part of his religion in his motion. Because Plaintiff has, since the Recommendation was entered, more clearly articulated the basis of his First Amendment claim, and Plaintiff's reasons do not appear to substantiate his claim or his request for injunctive relief, Plaintiff's Motion for Injunctive Relief (doc. 3) is hereby **DENIED WITH PREJUDICE**.

SO ORDERED, this 28th day of March, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

JAB/aeg